THE PRESIDENT, DIRECTORS AND COMPANY OF THE BANK OF BRIGHTON *vs.* CHARLES T. RUSSELL.

If the defendant dies, in an action the cause of which by law survives, there is no statute of limitations which fixes the time within which the administrator of his estate shall be cited in to defend the same.

CONTRACT upon a bond in the penal sum of $20,000, executed by Robert N. Woodworth as principal, and Daniel Sanderson, of whose estate the defendant was administrator, and nine other persons, as sureties, with condition for the faithful performance by said Woodworth of the duties of cashier of the plaintiffs' bank. The sureties were liable severally, in the sum of $2000 each. The bond was the same one sued upon in *Bank of Brighton* v. *Smith,* 5 Allen, 413; *S. C.* 12 Allen, 243.

The following facts were agreed in the superior court: The action was originally brought against Sanderson, who died in July 1863, and the defendant was appointed administrator of his estate, and gave bond and notice of his appointment according to the provisions of the statute. Sanderson's death was first suggested of record in the action in September 1866, more than

two years after the date of the defendant's bond as adminis-
trator, and a summons to the defendant was duly issued and
served, and he appeared and objected that the action could not
be maintained against him by reason of the lapse of time.

Before Sanderson's death it had been orally agreed between
his and the plaintiffs' counsel that this action should be contin-
ued to abide the result of an action then pending against another
surety on the same bond. This agreement was assented to by
the plaintiffs and Sanderson; and judgment for the plaintiffs
was entered in that action in June 1866. After Sanderson's
death, the defendant, as administrator of his estate, had frequent
interviews with officers of the plaintiffs, at which the progress
of the suit was discussed, and the defendant at all times ad-
mitted that he knew of the pendency of this action, and that
the decision of the other action would determine his liability
therein. He has assets in his hands sufficient to pay any judg-
ment that may be rendered in this action, and has not settled his
accounts as administrator. Sanderson's counsel were the same
as those in the other action, and were consulted by the defend-
ant in regard to the progress of the other action more than two
years after his appointment. Certain other facts were also
agreed showing the understanding of the defendant and of the
heirs of Sanderson that this suit was to abide the result in the
other.

Upon these facts, judgment was rendered for the plaintiffs,
for $2000 and interest, and the defendant appealed to this court.

*J. G. Abbott,* for the defendant.

*B. F. Thomas & G. A. Somerby,* for the plaintiffs.

HOAR, J. The plaintiffs are entitled to judgment upon the
facts agreed. The defendant relies upon the special limitation
of actions against executors and administrators, which is as fol-
lows : " No executor or administrator, after having given notice
of his appointment as provided in section one, shall be held to
answer to the suit of any creditor of the deceased, unless it is
commenced within two years from the time of his giving bond
as aforesaid, except in the cases hereinafter mentioned." Gen.
Sts. *c.* 97, § 5. The exceptions are not material to the point in

controversy. This action was brought against the defendant's intestate, who died while it was pending. The death was suggested upon the record; and, the administrator not appearing voluntarily to take upon him the defence of the suit, a citation was issued by order of the court, but not until after two years from the time of his giving bond. He appeared in obedience to the citation, and pleaded the statute of limitation above cited.

The question, then, is this: When was this suit commenced within the meaning of the statute? If, as the defendant contends, it was not commenced until the citation issued, his plea is valid. But we are of opinion that such is not the true construction of the statute provisions relating to the subject. By Gen. Sts. *c.* 127, § 5, it is provided that when, in personal actions, the cause of which survives, the sole plaintiff or defendant dies after the commencement of the action at any time before final judgment, the action may proceed and be prosecuted by or against the surviving party, and the executors or administrators of the deceased party, in the manner thereinafter provided. Section 6 provides that the executor or administrator may, at the same term at which the death is suggested on the record, or within such further time as the court shall allow, appear and take upon himself the prosecution or defence of the suit; and that it shall be thenceforth conducted in the same manner as if it had been originally commenced by or against the same executor or administrator. Sections 7, 8, 9 and 10 contain provisions for the citation of the executor or administrator, if he does not voluntarily appear, and for a judgment against him if he fails to appear on the return of the citation, or within such further time as the court may allow.

We can find in these provisions no sufficient reason for holding that the citation of the administrator, or his voluntary appearance, is to be regarded as the commencement of the action, so far as he is concerned. It is the action, and not merely the cause of action, which survives. The action is to proceed as if it had been commenced when the administrator appears, and judgment is to be rendered as if it had then been commenced; but this very phraseology shows that it is not considered as

being then commenced. The rights which have been secured by the previous beginning or prosecution of the action are not lost. Thus if an action has been tried, and a verdict rendered, and the suit is pending upon exceptions, the death of one of the parties does not give his administrator the right to try it over again. He must prosecute or defend it in the condition in which he finds it. So the provision of Gen. Sts. *c.* 97, § 16, that no executor or administrator shall be held to answer to the suit of a creditor of the deceased, if commenced within one year after his giving bond, would have no application to an action which survives. Nor would it be contended, we suppose, that the ordinary statutes of limitation could be pleaded by or against an administrator who should be cited in, except as they would have been available for or against his intestate at the commencement of the suit by or against him. The same rule would apply in the case of a set-off.

The only decisions upon which the defendant relies as an authority for the position which he assumes are the cases of *McLellan* v. *Lunt*, 14 Maine, 254, and *Pettengill* v. *Patterson*, 39 Maine, 498. Those cases decided that a *scire facias* against an administrator, though for some purposes a continuance of the former action, was a suit within the meaning of the statute of Maine limiting the time of bringing suits against administrators. In the earlier case the court seemed to regard it as a doubtful question, but we do not think it necessary to question the correctness of the decision. It has some analogy to an action of debt on a judgment, which would be a new suit for all purposes. But the distinction between those cases and that which is now before us is easily recognized. The *scire facias* is brought to revive a judgment. The original suit has once reached its ordinary termination, and is no longer pending in court. The *scire facias* is not the same action, though it springs from and grows out of it. But here the action itself was commenced against the intestate; has not been abated or otherwise discontinued was pending when the administrator appeared in it; and no judgment had been rendered in it.

The argument of the counsel for the defendant, founded upon

the inconvenience arising from the lapse of time before the administrator was cited to appear, is fully met by the consideration that the court have full power to fix the time within which the citation shall issue ; and that it is their duty to see that no embarrassment in the settlement of the estate shall occur from laches or unnecessary delay. The facts now disclosed are abundantly sufficient to show that this defendant has suffered no injury by delay ; but that on the contrary it has occurred with his full knowledge and concurrence.

*Judgment for the plaintiffs,*